UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

AUSTIN OLADUNJOYE, a/k/a Anthony

James, a/k/a Stephen Packel, a/k/a
Joseph Gray, a/k/a Jack Trowell,
a/k/a Danny Austin,
<u>Defendant-Appellant.</u>

No. 95-5275

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, District Judge.
(CR-94-283-DKC)

Submitted: April 30, 1996

Decided: May 24, 1996

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Godwin Oyewole, Washington, D.C., for Appellant. Lynne A. Bat-
taglia, United States Attorney, Douglas B. Farquhar, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Austin Oladunjoye appeals the 18-month sentence he received following his guilty plea to uttering a forged U.S. obligation, 18 U.S.C.A. § 472 (West Supp. 1995), 18 U.S.C.§ 2 (1988), use of unauthorized access device, 18 U.S.C.A. § 1029 (West Supp. 1995), 18 U.S.C. § 2, and possession of false identification documents with intent to use unlawfully, 18 U.S.C.A. § 1928 (West Supp. 1995), 18 U.S.C. § 2. Oladunjoye contends that the district court erred in applying a two-level vulnerable victim adjustment. United States Sentencing Commission, Guidelines Manual § 3A1.1 (Nov. 1994). Finding no error, we affirm.

In 1990 and 1991, Austin Oladunjoye worked as a nursing assistant at the Great Oaks Center, a state facility for the severely mentally retarded. Using personal information from patient files to which he had access, Oladunjoye attempted to negotiate a stolen Social Security check by depositing it into a checking account he had opened in the name of Stephen Packel, one of the patients at Great Oaks (Count One). He also opened at least two credit card accounts in the name of Stephen Packel and incurred charges on the cards (Count Two). Oladunjoye possessed four driver's licenses in the names of Great Oaks patients but bearing his photograph, and a Virginia identification card in the name of another Great Oaks patient (Count Three).

The probation officer recommended a two-level vulnerable victim adjustment under USSG § 3A1.1. Oladunjoye objected that the adjustment was unwarranted because none of the patients were victims of the offense. He argued that they had not been denied credit as a result of his activities and were not likely to ever apply for credit anyway. The probation officer responded that the patients were victims because their confidential personal records were used by Oladunjoye to make them unwitting instrumentalities of the offense. At

2

sentencing, the district court agreed with the government that the Great Oaks patients were vulnerable victims.

On appeal, Oladunjoye contends that the adjustment did not apply because the only victims of his offense were the financial institutions and business organizations which he defrauded, none of which were vulnerable victims. He also argues that he did not target the patients. He does not contend that the patients were not vulnerable, but argues that they were not victims of the offense of conviction, and that the adjustment only applies to victims of the offense of conviction. This court recently considered and rejected his argument in United States v. Blake, ___ F.3d ___, 1996 WL 183821, at *3 (4th Cir. 1996). In Blake, this court rejected the reasoning of United States v. Bondurant, 39 F.3d 665, 667-68 (6th Cir. 1994), on which Oladunjoye relies.

The term "offense" as used in the sentencing guidelines includes all relevant conduct. USSG § 1B1.1, comment. (n.1(1)). Relevant conduct includes all acts committed by the defendant in preparation for the offense of conviction. Therefore, "a victim of the offense" may be one who is not a victim of the particular offense of conviction. Blake, ___ F.3d ___, 1996 WL 183821, at *3.

Oladunjoye invaded the confidential files of the Great Oaks patients and appropriated their personal information in preparation for the fraudulent acts of which he was convicted. He was also convicted of possessing false identification documents bearing the names of Great Oaks patients. Under Blake, the patients were victims of the offense as the term is used in USSG § 3A1.1.

This court has held that before a district court increases a defendant's base offense level under § 3A1.1 it must, first, "determine whether this particular victim was more vulnerable to the offense than the world of possible victims" and, second, "determine whether the defendant specifically targeted the victim because of that vulnerability." United States v. Holmes, 60 F.3d 1134, 1136 (4th Cir. 1995).* When Oladunjoye argues that he did not target the patients, however,

_____

*The 1995 clarifying amendment to § 3A1.1 deletes the language in the commentary concerning the victim being made a target because of his vulnerability. See USSG App. C, amd. 521.

3

he means that they were not the targets of his fraudulent acts; he did not expect to get money from them.

The district court in this case did not make the precise findings called for in <u>Holmes</u> because Oladunjoye did not contest the Great Oaks patients' unusual vulnerability at sentencing. Instead, the court addressed Oladunjoye's argument that the Great Oaks patients were not victims of the offense at all. However, it is clear that Oladunjoye targeted the patients as sources of personal information to be used in his various frauds because of their inability to protect their privacy. Moreover, the patients' extreme vulnerability to such abuse by their caretakers was self-evident. Therefore, the district court did not err in finding that the adjustment applied.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4